UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
RAPHAEL ROSS,

                          Plaintiff,

                -against-

CITY OF NEW YORK; Police Officer MICHAEL MCKENZIE, Shield No. 1934; Police Officer LOEL TAYLOR, Shield No. 10464; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                         Defendants.
------------------------------------------------------------------ x

**FIRST AMENDED COMPLAINT**

15 CV 1201 (RMB)

Jury Trial Demanded

## NATURE OF THE ACTION

1.    This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Raphael Ross ("plaintiff" or "Mr. Ross") is a resident of Kings County in the City and State of New York.

7. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8. Defendant Police Officer Michael McKenzie, Shield No. 1934 ("McKenzie"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant McKenzie is sued in his individual and official capacities.

9. Defendant Police Officer Loel Taylor, Shield No. 10464 ("Taylor"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Taylor is sued in his individual and official capacities.

10. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

11.     At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD.  Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

12.     At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

13.     At approximately 9:30 a.m. on July 8, 2014, Mr. Ross, a student at Cornell University, was lawfully riding his bicycle in the vicinity of Delancey Street, near the Williamsburg Bridge egress, in Manhattan.

14.     Without probable cause or reasonable suspicion to believe he had committed any crime or offense, defendants forced Mr. Ross off of the roadway with their vehicle.

15.     Defendants grabbed Mr. Ross, threw him up against a wall, tightly handcuffed him and pushed him into the police vehicle, violently forcing his head down onto the backseat of their car.

16.     When Mr. Ross asked if he could retrieve his glasses that had fallen onto the ground, a defendant officer responded in sum, "fuck your glasses," and stomped on them.

17.     After continued verbal and physical abuse, plaintiff was eventually taken

to the 7th Precinct.

18. Emergency medical technicians arrived at the Precinct and treated plaintiff's injuries.

19. At the Precinct, defendants falsely informed employees of the Manhattan County District Attorney's Office that they had observed plaintiff engage in, *inter alia*, obstructing governmental administration and disorderly conduct, and prepared false paperwork including an arrest report.

20. At no point did the officers observe Mr. Ross commit any crime or offense.

21. Mr. Ross was taken to Manhattan Central Booking.

22. After retaining private counsel, Mr. Ross was arraigned New York County Criminal Court, where the criminal charges were adjourned in contemplation of dismissal.

23. After approximately twelve hours in custody, Mr. Ross was released.

24. Following his release, Mr. Ross continued to experience pain and suffering from the injuries sustained at the hands of defendants.

25. Mr. Ross suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

26.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

27.     Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

28.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

29.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

30.     Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

31.      As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
**Unreasonable Force**

32. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

33. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

34. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
**Denial Of Constitutional Right To Fair Trial**

35. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

36. The individual defendants created false evidence against plaintiff.

37. The individual defendants forwarded false evidence to prosecutors in the New York County District Attorney's office.

38. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

39. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Failure To Intervene

40. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

41. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

42. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

43. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### *Monell*

44. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

45. This is not an isolated incident.

46. The City of New York, through policies, practices and customs, directly caused the constitutional violations suffered by plaintiff.

47. The City, through its police department, has had and still has hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the constitution and is indifferent to the consequences.

48. The City, through its police department, has a *de facto* quota policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

49. The City, at all relevant times, was, upon information and belief, aware that these individual defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

50. The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

51. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated:    July 14, 2015
          New York, New York

                                HARVIS WRIGHT & FETT LLP

                                _____
                                Baree N. Fett
                                305 Broadway, 14th Floor
                                New York, New York 10007
                                (212) 323-6880
                                bfett@hwf.nyc

                                *Attorneys for plaintiff*